IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| CALIPH ALJA-IZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 2014-47 |
| | ) | |
| ROY FRETT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER AND REPORT AND RECOMMENDATION

This case is before the Court on the application [DE 2] of *pro se* plaintiff Caliph Alja-Iz to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and for initial screening of plaintiff's pleading pursuant to 28 U.S.C. § 1915(e)(2).[1]  The Court finds plaintiff has demonstrated his inability to pay the required court costs.  Accordingly, the Court will grant plaintiff's motion to proceed *in forma pauperis*.  For the reasons set forth below, however, this Court recommends the complaint be dismissed without prejudice.

## I.    BACKGROUND

Plaintiff, a 47 year-old disabled[2] African American male, brings suit against Roy Frett for alleged violations of Title VIII of the Civil Rights Act of 1968 (the "Fair Housing Act" or "FHA").  According to plaintiff, he met defendant Roy Frett on April 18, 2014 to discuss renting an apartment owned by Frett.  Plaintiff and Frett agreed to an April 21, 2014 move-in date.  The

---

[1]      Section 1915(a)(1) provides "any court of the United States may authorize the commencement . . . of any suit, . . ., civil or criminal, . . . ., without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1) (alteration in original); *see Leatherman v. Obama*, 2012 U.S. Dist. LEXIS 158682, at *3 n.1 (W.D. Pa. Oct. 22, 2012) (holding section 1915(a) is not limited to prisoner suits) (citing *Jones v. NATO*, 1998 U.S. Dist. LEXIS 3569, at *2 (E.D. Pa. Mar. 20, 1998)).

[2]      Plaintiff does not identify his disability.

*Alja-Iz v. Frett*
Civil No. 2014-47
Page 2

parties met on April 21, 2014 and verbally agreed to a six-month lease and the availability of utilities starting April 22, 2014.  Frett advised that a written lease would also be provided on April 22, 2014.  Plaintiff presented Frett with a bank draft in the amount of $1,450.00 and plaintiff moved into the apartment later that day.  On April 22, 2014, plaintiff visited the Virgin Islands Water and Power Authority ("WAPA") to establish utility service.  A WAPA representative advised, however, that a written lease is required.  At plaintiff's request, the WAPA representative contacted Frett, who told the representative that he would provide the lease on April 23, 2014.

On the evening of April 22, 2014, plaintiff returned to the apartment and found the door "bolted lock[ed] and entry to the apartment [] completely blocked."  Plaintiff made three unsuccessful attempts to reach Frett.  That same evening, he filed a complaint with the Virgin Islands Police Department ("VIPD").  On April 23, 2014, two VIPD officers escorted plaintiff to the apartment to remove his personal belongings.  Frett, however, was unreachable.  Plaintiff's belongings remain in the apartment.

Plaintiff seeks the return of his downpayment and $1,000 "to cover living cost[s], unlawful eviction and emotional and psychological distress."  Plaintiff asks the Court to order Frett to allow plaintiff access to the apartment in order to remove his belongings and to enjoin Frett from engaging in any future violations of the FHA.

## II.    STANDARD OF REVIEW

Where a plaintiff has obtained leave to proceed *in forma pauperis*, a court must screen the complaint for cognizable claims and *sua sponte* dismiss all or any part of an action that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B).

Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the

court must dismiss the action."  FED. R. CIV. P. 12(h)(3).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is

"based on an indisputably meritless legal theory."  *Id*. at 327.   "A complaint is malicious when it

'duplicates allegations of another [] federal lawsuit by the same plaintiff.'"   *Daley v. United*

*States Dist. Court*, 629 F. Supp. 2d 357, 359-360 (D. Del. 2009) (alteration in original) (quoting

*Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)); *see also Lindell v. McCallum*, 352 F.3d

1107, 1109 (7th Cir. 2003) (stating "malicious" in the context of sections 1915(e) "is more

usefully construed as intended to harass").

Whether a complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is

governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d

220, 223 (3d Cir. 2000)).  Accordingly, a court must determine whether the complaint includes

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted); accord *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 557 (2007).  Finally, the remaining ground for dismissal under § 1915,

immunity of the defendants, relates to the protection the law affords certain governmental

entities and officials against particular types of lawsuits. 28 U.S.C. § 1915(e)(2)(B)(iii).

*Alja-Iz v. Frett*
Civil No. 2014-47
Page 4

### III.   DISCUSSION

The FHA "broadly prohibits discrimination in housing" on the basis of, *inter alia*, race and handicap.[3]  *Gladstone, Realtors v. Bellwood*, 441 U.S. 91, 93 (1979); *see Cmty. Servs. v. Wind Gap Mun. Auth.*, 421 F.3d 170, 176 (3d Cir. 2005).   Specifically, the FHA precludes discrimination in the sale or rental of a dwelling or in providing services or facilities in connection with that dwelling.[4]  42 U.S.C. § 3604(a)-(b), (f)(1)-(2).

A plaintiff can establish a *prima facie* claim of housing discrimination under the FHA by alleging that the challenged actions were motivated by intentional discrimination or that the actions had a discriminatory effect on a protected class, regardless of motivation.  *Doe v. Butler*, 892 F.2d 315, 323 (3d Cir. 1989); *see also Cmty. Svcs., Inc.*, 421 F.3d at 176.  Here, even assuming as true plaintiff's allegations that he is a "disabled African-American male," the complaint is bereft of any allegations which directly charge or even permit the reasonable inference that Frett's challenged actions were motivated by either racial animus or intent to deprive plaintiff access and use of housing based on any disability.  Plaintiff does not allege, for example, that Frett treated him differently from tenants who were not African American or not disabled, or made remarks revealing a race- or disability-based animosity.

Despite the solicitude courts must show *pro se* litigants, self-represented plaintiffs are not free of the "plausibility" requirement of *Iqbal* and *Twombly*.  Plaintiff's claim that Frett violated the FHA is entirely speculative and not borne out by the factual allegations.  *See Twombly*, 550

---

[3]      The FHA sets forth a two-year statute of limitations.  *See* 42 U.S.C. § 3613(a)(1)(A) ("An aggrieved person may commence a civil action  . . .  not later than 2 years after the occurrence  . . . of an alleged discriminatory housing practice . . . .").  Plaintiff's action is timely.

[4]      A "dwelling" is defined as "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families . . . ." 42 U.S.C. § 3602(b).

*Alja-Iz v. Frett*
Civil No. 2014-47
Page 5

U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level").   Accordingly, the Court recommends plaintiff's FHA claim be dismissed for failure to state a claim.

## IV.    CONCLUSION

For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* [DE 2] is ALLOWED.   In addition, the Court RECOMMENDS that plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failing to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).[5]

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice.   Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge.   28 U.S.C. § 636(b)(1); LRCi 72.3.

**Dated:**   October 3, 2014                              S_____
                                                                              **RUTH MILLER**
                                                                              United States Magistrate Judge

---

[5]    *Pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).  A complaint that sets forth facts which affirmatively demonstrate that the *pro se* plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).