```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

CALIPH ALJA-IZ,                  )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    Civil No. 2014-47
                                 )
ROY FRETT,                       )
                                 )
          Defendant.             )
                                 )
                                 )
_____)
```

**APPEARANCES:**

**Caliph Alja-Iz**
    *Pro se plaintiff.*

## ORDER

**GÓMEZ, J.**

    Before the Court is the complaint of Caliph Alja-Iz ("Alja-Iz").

    Alja-Iz filed his complaint on April 24, 2014. In his complaint, Alja-Iz alleges a violation of the Fair Housing Act (the "FHA"). Specifically, he alleges that Roy Frett ("Frett") rented an apartment located at 14 Temple Street, Charlotte Amalie, St. Thomas, U.S.V.I ("the apartment") to Alja-Iz. Alja-Iz alleges that he paid Frett $1,450 prior to moving into the apartment. Alja-Iz was then permitted to move into the apartment.

The next day, Alja-Iz went to the Virgin Islands Water and Power Authority to arrange for electrical service. Upon his return, Alja-Iz discovered that the door to the apartment had been bolted shut and the entrance blocked. He was unable to gain entry or contact Frett. Frett did not return the prepaid rent.[1]

Alja-Iz also states in his complaint that he is a disabled[2] African-American male.

Alja-Iz asks the Court to award him $2,450 in damages consisting of the return of his prepaid rent and $1,000 to cover "livings cost[s], unlawful eviction and emotional and psychological distress." He also asks for injunctive relief and for penalties to be assessed against Frett.

Alja-Iz petitioned the Court for leave to proceed *in forma pauperis*. The Magistrate Judge granted Alja-Iz's petition. The Magistrate then performed an initial screening of Alja-Iz's complaint pursuant to 28 U.S.C. § 1915(e)(2).

After reviewing the complaint, the Magistrate issued a report and recommendation on October 3, 2014. In that report, the Magistrate noted that Alja-Iz had failed to make any allegations from which the Court could infer that Frett's actions were motivated by "racial animus or intent to deprive

---

[1] Alja-Iz has since submitted a letter informing the Court that Frett paid him $1,450.
[2] Alja-Iz does not identify his disability.

*Alja-Iz v. Frett*
Civil No. 2014-47
Order
Page 3

plaintiff access and use of housing based on any disability." (Report and Recommendation, ECF No. 4, at 4.) On that basis, the Magistrate recommended that the Court dismiss the complaint without prejudice.

Thereafter, Alja-Iz filed an objection to the report and recommendation. In his objection, Alja-Iz summarized the relief he seeks. He did not address the deficiencies in his complaint that the Magistrate identified.

"Plaintiffs alleging violations of the FHAA under these sections may bring three general types of claims: (1) intentional discrimination claims (also called disparate treatment claims) and (2) disparate impact claims, both of which arise under § 3604(f)(2), and (3) claims that a defendant refused to make 'reasonable accommodations,' which arise under § 3604(f)(3)(B)." *Cmty. Servs., Inc. v. Wind Gap Mun. Auth.*, 421 F.3d 170, 176 (3d Cir. 2005).

"Generally, to prevail on a disparate treatment claim, a plaintiff must demonstrate that some discriminatory purpose was a motivating factor behind the challenged action. The discriminatory purpose need not be malicious or invidious, nor need it figure in solely, primarily, or even predominantly into the motivation behind the challenged action. The plaintiff is only required to show that a protected characteristic played a

role in the defendant's decision to treat her differently." *Id.* at 177 (internal quotations and citations omitted).

To prevail on a disparate effect claim, plaintiffs must demonstrate that "(1) [they] are in a protected class, (2) they applied for and were qualified to rent or purchase housing, (3) they were rejected, and (4) the housing opportunity remained available." *Koorn v. Lacey Twp.*, 78 F. App'x 199, 207 (3d Cir. 2003)(citing *Robinson v. 12 Lofts Realty, Inc.,* 610 F.2d 1032 (2d Cir.1979)).

To prevail on a failure to make reasonable accommodation claim, the plaintiff must demonstrate that "the requested accommodation is '(1) reasonable and (2) necessary to (3) afford handicapped persons an equal opportunity to use and enjoy housing.'" *See Lapid-Laurel, L.L.C. v. Zoning Bd. of Adjustment of Twp. of Scotch Plains*, 284 F.3d 442, 457 (3d Cir. 2002) (quoting *Bryant Woods Inn, Inc. v. Howard Cnty., Md.*, 124 F.3d 597, 603 (4th Cir. 1997))."'Handicap' is defined under the FHAA as '(1) a physical or mental impairment which substantially limits one or more of [a] person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment.'" *Id.* at 179 (quoting 42 U.S.C. § 3602(h))(alterations in original).

The Court has reviewed the Magistrate's report and recommendation, and has considered the response filed by Alja-Iz. Upon review, the Court concludes that Alja-Iz has not adequately pled an FHA claim under any of the three types of claims. Fist, Alja-Iz has not adequately pled a disparate treatment claim. Although he alleges that he is a disabled African-American male, he makes no allegations from which the Court could infer that Frett's actions were motivated by an intent to discriminate against him based on those characteristics. Second, Alja-Iz has not adequately pled a disparate effect claim. Although he alleges that he is a member of a protected class, that he rented housing from Frett, and that Frett prevented him from using that housing, he has not alleged that that housing remains available. Third, Alja-Iz has not adequately pled a failure to make reasonable accommodation claim. He does not allege that he ever requested an accommodation or that he was refused an accommodation. He also does not identify his handicap.

The premises considered; it is hereby

**ORDERED** that the Magistrate Judge's report and recommendation is **ADOPTED**; it is further

**ORDERED** that Alja-Iz's complaint is **DISMISSED** without prejudice; and it is further

*Alja-Iz v. Frett*
Civil No. 2014-47
Order
Page 6

  **ORDERED** that Alja-Iz shall have leave to file an amended complaint not later than 3:00 PM on May 1, 2015.


            S\_____
             **Curtis V. Gómez**
             **District Judge**